## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 07-CR-20027** |
| | ) | |
| L.C. BELL, | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>OPINION</u>

On November 19, 2007, a sentencing hearing was held and this court sentenced Defendant, L.C. Bell, to a term of 150 months in the Federal Bureau of Prisons.  Defendant filed a timely Notice of Appeal (#24).

On November 5, 2009, the Seventh Circuit issued an Opinion in this case.  <u>United States v. Bell</u>, 585 F.3d 1045 (7th Cir. 2009).  The Seventh Circuit affirmed this court's denial of Defendant's motion to suppress.  However, the Court noted that Defendant was sentenced prior to the decision of the United States Supreme Court in <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007).  The Court noted that, in <u>Kimbrough</u>, "the Supreme Court held that a district court may take the crack/cocaine powder disparity into consideration in imposing a below-guidelines sentence, abrogating our prior case law to the contrary."  <u>Bell</u>, 585 F.3d at 1054.  The Court stated:

> From the sentencing hearing transcripts, it is unclear whether the district court judge would have imposed the same sentence or a sentence on the lower end of the guidelines range if he were to consider the crack/powder disparity when applying the 18 U.S.C. § 3553(a) factors.  Accordingly, a limited remand is appropriate to allow the sentencing judge to inform us whether he would resentence Bell in light of *Kimbrough*.

<u>Bell</u>, 585 F.3d at 1055.

Accordingly, this court now orders Defendant's counsel and the Assistant United States Attorney assigned to this case to state, in writing, a position regarding whether a different sentence would have been imposed if this court had considered the crack/cocaine powder sentencing disparity during sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's counsel and the Assistant United States Attorney assigned to this case are ordered to state, in writing, a position regarding whether a different sentence would have been imposed if this court had considered the crack/cocaine powder sentencing disparity during sentencing.

(2) The position statement is due thirty (30) days from the date of this Order.

ENTERED this 16th day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE