**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20027 |
| ) | |
| **L.C. BELL,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

This matter is before the court on a limited remand from the United States Court of Appeals for the Seventh Circuit to determine whether this court would resentence Defendant, L.C. Bell, in light of the decision of the United States Supreme Court in Kimbrough v. United States, 552 U.S. 85 (2007).  See United States v. Bell, 585 F.3d 1045, 1054-55 (7th Cir. 2009).  The Court noted that, in Kimbrough, "the Supreme Court held that a district court judge may take the crack/cocaine powder disparity into consideration in imposing a below-guidelines sentence, abrogating our prior case law to the contrary."  Bell, 585 F.3d at 1054.  The Court further stated that Kimbrough "clarified that a policy disagreement with the crack/powder disparity was not an impermissible factor, and this clarification is relevant to courts issuing below and within-guidelines sentences alike."  Bell, 585 F.3d at 1054.  The Court stated that "[f]rom the sentencing hearing transcripts, it is unclear whether the district court judge would have imposed the same sentence or a sentence on the lower end of the guidelines range if he were able to consider the crack/powder disparity when applying the 18 U.S.C. § 3553(a) factors."  Bell, 585 F.3d at 1055.  The Court concluded that "a limited remand is appropriate to allow the sentencing judge to inform us whether he would resentence Bell in light of Kimbrough."  Bell, 585 F.3d at 1055.

The record in this case shows that, on March 7, 2007, Defendant was charged by Indictment (#7) with one count of knowingly possessing five grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, and one count of knowingly possessing a firearm after having previously been convicted of a felony. The Government filed an Information Concerning Prior Conviction (#10) pursuant to 21 U.S.C. § 851 listing Defendant's previous drug convictions. Defendant's prior convictions subjected him to a mandatory minimum sentence of 10 years (120 months) of imprisonment. Defendant filed a Motion to Suppress Evidence (#11), and an evidentiary hearing was held on June 6, 2007. On June 20, 2007, this court entered an Opinion (#14) which denied the Motion to Suppress. On June 26, 2007, Defendant entered a conditional plea of guilty to both counts of the indictment, pursuant to a written plea agreement. Under the terms of the plea agreement, Defendant retained the right to appeal from this court's denial of his Motion to Suppress.

On November 19, 2007, a sentencing hearing was held and this court sentenced Defendant to a term of 150 months in the Federal Bureau of Prisons on Count 1 (the drug count) and a concurrent sentence of 120 months on Count 2 (the firearms count). At the sentencing hearing, this court determined that the sentencing guideline range was 120 to 150 months. The Government noted that the range would have been 140 to 175 months except for the change in the guidelines for crack cocaine offenses, effective November 1, 2007. This court sentenced Defendant to the high end of the guideline range, 150 months. Defendant filed a Notice of Appeal (#24).

The Seventh Circuit affirmed this court's denial of the Motion to Suppress Evidence but, as noted previously, ordered a limited remand. Following the limited remand from the Seventh Circuit, this court ordered the parties to submit their positions on the issue of Defendant's sentence in light

2

of the decision in Kimbrough. On August 30, 2010, Defendant filed his Position Regarding Limited Remand (#36). On September 1, 2010, the Government filed its Position on Previously Imposed Sentence (#37).

Defendant argued that several facts militate in favor of a sentence at the bottom of the guideline range, a sentence of 120 months. Defendant argued that the increased sentence applied in this case based upon the 100 to 1 sentencing range for crack cases "has been thoroughly discredited through the recent passage of the Fair Sentencing Act of 2010," which has the effect of reducing the ratio to 18 to 1. Defendant noted that, if he were charged with the same offenses today, he would face a mandatory minimum sentence of 5 years. In addition, Defendant noted that if the guidelines were amended to reduce the ratio to 18:1, his guideline sentence would be 84 to 105 months, less than the mandatory minimum sentence of 120 months. Defendant also pointed out that "[w]ith the benefit of hindsight, it is now clear that the 100 to 1 ratio disproportionately affected African-Americans, like [Defendant], and promoted disrespect for the criminal justice system." Defendant asked this court to advise the Seventh Circuit that it would resentence him in light of the decision in Kimbrough.

The Government argued that the sentencing transcript in this case establishes that this court would have imposed the same sentence even if this court would have considered the crack/powder cocaine disparity during sentencing. The Government pointed out that, at sentencing, this court stated that it agreed with the probation officer's assessment of Defendant's criminal history and quoted that assessment as follows:

> [Defendant] veered off onto the wrong criminal track as a juvenile
> and has continued to violate the law throughout his adult years in

3

>every conceivable way. He has adjudications or convictions for sexual abuse, controlled substances, criminal trespass, burglary, and armed robbery. His record of unadjudicated criminal conduct . . . is frightening.

The Government further stated that, at sentencing, this court noted that the instant conviction was Defendant's sixth felony conviction. This court stated that the probation officer's sentencing recommendation was "absolutely right" when the officer concluded:

>Given the defendant's abysmal criminal record, his failure to abide by terms of parole, and his unwillingness to remain law-abiding, there is but one appropriate sentence: the top of the advisory guidelines of 150 months.

The Government therefore argued:

>At the time of the original sentencing, even before *Kimbrough*, the Court had discretion to impose a sentence of only 120 months at the bottom of the guidelines. It chose not to exercise that discretion. In fact, the comments of the Court and the probation officer make it clear that the top of the guidelines sentence ultimately imposed was unrelated to the type of cocaine involved. Instead, the sentence was driven by the defendant's extensive and egregious criminal history, which remains the same whether he was selling crack cocaine, powder cocaine, heroin, or some other drug.

A review of the PSR reveals that a recitation of the defendant's criminal history requires 33 separate paragraphs. It not only involves four prior convictions for controlled substance offenses, but adjudications or convictions for Criminal Sexual Abuse, Criminal Trespass, Burglary, and Armed Robbery. The instant offense is the defendant's fifth trip to prison after receiving nine years for the Armed Robbery. Thus, it is not surprising that the probation officer recommended a 150-month sentence as the only appropriate sentence for a defendant with such an "abysmal" criminal record. This Court agreed, noting that the defendant had violated the law in "every conceivable way," and that his criminal record was "frightening." Given the defendant's criminal record and the Court's comments at sentencing, this Court would have imposed the same 150-month sentence regardless of its consideration of the crack/powder cocaine sentencing disparity.

This court has carefully considered the arguments of counsel and the record in this case. This court agrees with the Government that this court's decision to impose a 150-month sentence was unrelated to the type of cocaine involved and was, instead, based upon Defendant's extensive criminal history, as well as a consideration of the other factors set out in 18 U.S.C. § 3553(a). After careful review, this court finds that 150 months is an appropriate sentence for Defendant and this court would not resentence Defendant based upon the decision of the United States Supreme Court in Kimbrough.

This court therefore advises the United States Court of Appeals for the Seventh Circuit that it would have imposed the same sentence even if it had known that it could take the crack/cocaine powder disparity into consideration in imposing sentence. Accordingly, this court would not resentence Defendant based upon <u>Kimbrough</u>. The clerk is directed to transmit this Order to the Seventh Circuit Court of Appeals.

ENTERED this 17th day of September, 2010

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE