UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20027 |
| ) | |
| **LC BELL,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Amended Motion to Reduce Sentence (#47) filed by Defendant, LC Bell. After carefully considering the arguments of the parties and the applicable law, this court concludes that Defendant is eligible for a reduction in his sentence. However, this court further concludes that the reduction should be limited due to Defendant's extensive criminal history and the need to protect the public. The need to protect the public is based, in part, on Defendant's post-sentencing conduct of possessing a shank in prison. Accordingly, Defendant's Amended Motion to Reduce Sentence (#47) is GRANTED in part and DENIED in part. Defendant's sentence will be reduced. However, instead of the 125 month sentence requested by Defendant, this court hereby reduces Defendant's sentence from 150 months to 137 months.

BACKGROUND

On March 3, 2007, Defendant was charged by indictment with one count of knowingly possessing five grams or more of a mixture and substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After

this court denied Defendant's Motion to Suppress Evidence, Defendant entered a conditional plea of guilty on June 26, 2007, pursuant to a written plea agreement.

On November 19, 2007, this court held a sentencing hearing. There was no dispute that the statutory mandatory minimum sentence for Defendant's crack cocaine offense was 120 months. Defendant's sentencing guideline range was calculated as 120 to 150 months. This court sentenced Defendant to a term of 150 months in the Federal Bureau of Prisons for the crack cocaine offense and a concurrent term of 120 months for the firearm offense. Defendant appealed the denial of his Motion to Suppress. On November 5, 2009, the Seventh Circuit Court of Appeals entered an Opinion. United States v. Bell, 585 F.3d 1045 (7th Cir. 2009). The Seventh Circuit affirmed this court's ruling denying the Motion to Suppress, based upon the good faith exception to the exclusionary rule. Bell, 585 F.3d at 1053-54. The Seventh Circuit also ordered a limited remand for this court to determine whether it would have issued a different sentence in light of the United States Supreme Court's recent decision in Kimbrough v. United States, 552 U.S. 85 (2007). Bell, 585 F.3d at 1054-55.

Following the limited remand, this court ordered the parties to state, in writing, a position regarding whether a different sentence would have been imposed if this court had considered the crack/cocaine powder sentencing disparity during sentencing. After the parties complied with this order, this court entered an Opinion (#38). This court quoted one of the Government's arguments, as follows:

> A review of the PSR reveals that a recitation of the defendant's criminal history requires 33 separate paragraphs. It

2

not only involves four prior convictions for controlled substance offenses, but adjudications or convictions for Criminal Sexual Abuse, Criminal Trespass, Burglary, and Armed Robbery. The instant offense is the defendant's fifth trip to prison after receiving nine years for the Armed Robbery. Thus, it is not surprising that the probation officer recommended a 150-month sentence as the only appropriate sentence for a defendant with such an "abysmal" criminal record. This Court agreed, noting that the defendant had violated the law in "every conceivable way," and that his criminal record was "frightening." Given the defendant's criminal record and the Court's comments at sentencing, this Court would have imposed the same 150-month sentence regardless of its consideration of the crack/powder cocaine sentencing disparity.

This court then stated:

> This court has carefully considered the arguments of counsel and the record in this case. This court agrees with the Government that this court's decision to impose a 150-month sentence was unrelated to the type of cocaine involved and was, instead, based upon Defendant's extensive criminal history, as well as a consideration of the other factors set out in 18 U.S.C. § 3553(a). After careful review, this court finds that 150 months

is an appropriate sentence for Defendant and this court would

not resentence Defendant based upon the decision of the United

States Supreme Court in Kimbrough.

This court therefore advised the Seventh Circuit Court of Appeals that it would have imposed the same sentence even if it had known that it could take the crack/cocaine powder disparity into consideration in imposing sentence. This court accordingly declined to resentence Defendant based upon Kimbrough. On December 29, 2010, the Seventh Circuit issued its mandate and affirmed this court's judgment.

## MOTION TO REDUCE SENTENCE

On July 22, 2011, Defendant filed a pro se Motion to Reduce Sentence (#45) based upon the 2011 retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. This court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant in this matter.

On November 18, 2011, Defendant, through counsel, filed an Amended Motion to Reduce Sentence (#47). Defendant stated that, pursuant to retroactive Amendment No. 750 to the United States Sentencing Guidelines (U.S.S.G.), Defendant's sentencing guideline range has been reduced to 120 to 125 months. Defendant stated that a sentence at the top of this range would be 125 months. Defendant asked this court to reduce his sentence to a term of 125 months.

On December 9, 2011, the Government filed a Response to Defendant's Amended Motion to Reduce Sentence (#48). The Government acknowledged that the retroactive amendment to the sentencing guidelines is applicable to Defendant's case. However, the

Government objected to a reduction in Defendant's sentence based on the applicable Section 3553(a) factors, public safety considerations, and Defendant's post-sentencing conduct.

The Government attached a copy of a Department of Justice Discipline Hearing Officer Report which stated that, on December 11, 2010, a correctional officer found a homemade knife or "shank" in Defendant's cell. The knife was approximately seven inches long and sharpened to a point. Defendant had wrapped a shoe string around the knife to make a handle and made a sheath out of cardboard and tape to cover the blade of the shank. Defendant's possession of the shank was a violation of both federal law and the institution's rules. During the subsequent investigation, Defendant stated that the shank belonged to him and also told the Unit Discipline Committee that "[y]ou will never catch me again." During the December 30, 2010, hearing, Defendant admitted to the Discipline Hearing Office that he was guilty of the offense.

The Government argued that this is a rare case where the court has already made it clear that Defendant's sentence was never based on the cocaine disparity, but on the other Section 3553(a) factors, including the danger Defendant posed to the community as reflected by his criminal history. The Government argued that this court must consider the nature and seriousness of the danger to the community that may be posed by a reduction in Defendant's sentence in determining whether a reduction is warranted. U.S.S.G. § 1B1.10, comment n.1(B)(ii). The Government also argued that this court may consider Defendant's post-sentencing conduct to determine whether a sentence reduction is warranted. U.S.S.G. § 1B1.10, comment n.1(B)(iii). The Government argued that Defendant's actions in possessing a homemade knife inside the Federal Bureau of Prisons are consistent with his long record

5

of posing a danger to the community. The Government argued that a sentence reduction is unwarranted in this case, and Defendant's Amended Motion to Reduce Sentence should be denied.

On December 23, 2011, Defendant, through counsel, filed a Reply to the Government's Response (#49). Defendant did not contest the facts or the applicable law set out by the Government. Defendant argued that the seriousness of his threat to the public was already factored into this court's analysis when it sentenced Defendant to the top of the sentencing guideline range. Defendant noted that this court did not depart above the sentencing guidelines. Defendant also pointed out that there was no evidence that he ever used the shank. Defendant argued that it may well be that he possessed the shank to impress on other prisoners not to mess with him and that his possession of the shank did not show an actual willingness to use the shank. Defendant noted that it goes without saying that a prisoner must protect himself in prison. Defendant argued that this court should not deny him a reduction in his sentence for this reason.

## ANALYSIS

The applicable statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the

6

factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This statute "permits defendants sentenced based on a sentencing range that has been modified to move for a reduced sentence." Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011). "Section 3582(c)(2) gives the judge discretion; it does not compel the judge to exercise that discretion favorably to any particular defendant." United States v. Neal, 611 F.3d 399, 401 (7th Cir. 2010).

"Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' -namely, § 1B1.10 [of the U.S.S.G.]." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). The Supreme Court in Dillon then stated:

> The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).
>
> Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to

7

> determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . .
>
> . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 130 S. Ct. at 2691-92.

Based upon Dillon, this court must first determine Defendant's eligibility for a sentence reduction. In this case, the parties agree that Defendant is eligible for a reduction under the amendment to the Sentencing Guidelines. Defendant also recognized that, because this court sentenced him to the top of the guideline range when the range was 120 to 150 months, this court should sentence him to the top of the guideline range now that the range is 120 to125 months. Therefore, at step one, this court concludes that Defendant is eligible for a sentence reduction to 125 months.

At step two, this court must consider the factors set out in § 3553(a) and determine, in its discretion, whether a reduction should be made and the amount of any reduction. These

factors include:

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed—
>
>>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>(B) to afford adequate deterrence to criminal conduct;
>>
>>(C) to protect the public from further crimes of the defendant; and
>>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a). In addition, the comments to § 1B1.10 state that, in determining the extent of any reduction in sentence, this court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and may consider "post-sentencing conduct of the defendant." U.S.S.G. § 1B1.10, comment n.1(B)(ii), (iii).

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Government that Defendant has an abysmal criminal history and, based upon his criminal history and his

post-sentence conduct in possessing a shank in prison, there is a need to protect the public. However, in exercising its discretion, this court concludes that this case warrants limiting the reduction in Defendant's sentence rather than completely denying a reduction in Defendant's sentence. This court concludes that the appropriate reduction is a reduction to 137 months.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Amended Motion to Reduce Sentence (#47) is GRANTED in part and DENIED in part. Defendant's sentence will be reduced. However, instead of the 125 month sentence requested by Defendant, this court hereby reduces Defendant's sentence from 150 months to 137 months.

(2) Defendant's pro se Motion to Reduce Sentence (#45) is hereby found MOOT.

ENTERED this 27th day of January, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE